ORIGINAL 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



JEREMY RATLIFF (#247927),

    Plaintiff,

v.

MDOC, ANTHONY SIMMONS, et al,

    Defendants.

Docket No. 03 cv 60015

HON. MARIANNE O. BATTANI
MAG. JUDGE SCHEER

| Christopher J. Trainor | John L. Thurber (P44989) |
|---|---|
| McCall & Trainor | Assistant Attorney General |
| *Attorney for Plaintiff* | *Attorney for Defendants* |
| 6557 Highland Road, Ste. 105 | PO Box 30217 |
| Waterford, MI 48327 | Lansing, MI 48909 |
| (248) 886-8650 | (517) 335-7021 |

### DEFENDANT SIMMONS' MOTION IN LIMINE TO EXCLUDE MICHIGAN DEPARTMENT OF CORRECTIONS' POLICY DIRECTIVE 04.05.110

    NOW COMES Defendant, Anthony Simmons, through his attorney, and requests this Court to grant his motion in limine to exclude Michigan Department of Corrections Policy Directive 04.05.110 as an exhibit at trial.

    Pursuant to E.D. Mich. L.R. 7.1(a), Simmons sought concurrence in this motion with Plaintiff's counsel on September 1, 2004. Plaintiff's counsel did not concur in this motion.

    Respectfully submitted,

    MICHAEL A. COX
    Attorney General

    John L. Thurber (P44989)
    Assistant Attorney General
    Corrections Division

Dated: September 3, 2004
Thurber\Ratliff-2003001639A\trial stuff\limine motion-policy directive

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY RATLIFF (#247927),

    Plaintiff,

v.

    Docket No. 03 cv 60015

MDOC, ANTHONY SIMMONS, et al,

    HON. MARIANNE O. BATTANI
    MAG. JUDGE SCHEER

    Defendants.

| Christopher J. Trainor | John L. Thurber (P44989) |
|---|---|
| McCall & Trainor | Assistant Attorney General |
| *Attorney for Plaintiff* | *Attorney for Defendants* |
| 6557 Highland Road, Ste. 105 | PO Box 30217 |
| Waterford, MI 48327 | Lansing, MI 48909 |
| (248) 886-8650 | (517) 335-7021 |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE MICHIGAN DEPARTMENT OF CORRECTIONS' POLICY DIRECTIVE 04.05.110

    The Plaintiff listed Michigan Department of Corrections ("MDOC") Policy Directive 04.05.110 as an exhibit. (Exhibit P9). The Defendant objects to the Plaintiff introducing PD 04.05.110 at trial. That policy is considered an exempt policy directive by the MDOC.[1] It details how employees should respond to specific situations when inmates use force. Allowing this policy to become an exhibit in a public trial could jeopardize the safety and security of MDOC employees and prisoners across the State.

    There is no need for the Plaintiff to introduce this policy at trial. The Defendant concedes that intentionally kicking a door at a prisoner does not constitute a legitimate use of force. Obviously, the Defendant denies doing so, but if the jury believes the Plaintiff's version of events, his allegations would amount to an Eighth Amendment violation.

---

[1] If the Court desires, the Defendant will provide the policy for an *in camera* review.

## RELIEF

WHEREFORE, the Defendant requests this Court to prohibit the introduction of MDOC PD 04.05.110 at trial.

Respectfully submitted,

MICHAEL A. COX
Attorney General

John L. Thurber (P44989)
Assistant Attorney General
Corrections Division

Dated: September 3, 2004
Thurber\Ratliff-2003001639A\trial stuff\limine motion-policy directive

2