*Exhibit 1*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY RATLIFF (#247927),

      Plaintiff,

v.

ANTHONY SIMMONS,

      Defendant.

Docket No. 03 cv 60015

HON. MARIANNE O. BATTANI

| | |
|---|---|
| Christopher J. Trainor | John L. Thurber (P44989) |
| McCall & Trainor | Assistant Attorney General |
| *Attorney for Plaintiff* | *Attorney for Defendant Simmons* |
| 6557 Highland Road, Ste. 105 | PO Box 30217 |
| Waterford, MI  48327 | Lansing, MI  48909 |

## DEFENDANT SIMMON'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS AND INTEREST

### Statement of Facts

At trial, the Plaintiff brought three claims.  He brought a federal law claim under the Eighth Amendment pursuant to 42 U.S.C. § 1983 and two state law claims, one for battery and another for gross negligence.  The jury rejected the Plaintiff's federal claim and his battery claim.  The jury awarded the Plaintiff $62,000 for his gross negligence claim.

The Plaintiff's counsel, Mr. Trainor and Mr. Cabot, now request $75,110 in attorney's fees.[1]  Counsel also brought a motion for costs and finally, they brought a motion seeking pre and post judgment interest.  This Court should deny their motion as to attorney's fees, disallow most of the costs they are seeking, and reject their claims for pre and post judgment interest.

At the outset, the Defendant wishes to point out that this Court has not yet entered a judgment based on the jury's verdict.  Consequently, any discussion of attorney's fees and costs

---

[1] Mr. Cabot never filed an appearance on behalf of the Plaintiff.

is premature. However, since the Court will ultimately enter a judgment, the Defendant has

chosen to address the Plaintiff's arguments on the merits.

**I.     The Plaintiff's counsel is not entitled to any attorney's fees under 42 U.S.C.
§ 1988 because the Plaintiff prevailed only on a state law claim.**

42 U.S.C. § 1988(b) provides:

(b) Attorney's fees.  In any action or proceeding to enforce a provision of sections
1977, 1977A, 1978, 1979, 1980, and 1981 of the Revised Statutes [42 USCS §§
1981-1983, 1985, 1986], title IX of the Public Law 92-318 [20 USCS §§ 1681 et
seq.], the Religious Freedom Restoration Act of 1993, the Religious Land Use
and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964
[42 USCS §§ 2000d et seq.], or section 40302 of the Violence Against Women
Act of 1994, the court, in its discretion, may allow the prevailing party, other than
the United States, a reasonable attorney's fees as part of the costs, except that in
any action brought against a judicial officer for an act of omission taken in such
officer's judicial capacity such officer shall not be held liable for any costs,
including attorney's fees, unless such action was clearly in excess of such
officer's jurisdiction.

The plain language of the statute makes it clear that the Plaintiff's counsel cannot receive

attorney's fees for recovering on a purely state law claim.  Michigan's gross negligence statute is

not among the statutes listed in 42 U.S.C. § 1988(b).  42 U.S.C. § 1988(b) does not make any

provision for recovering attorney's fees in federal court on a purely state law claim.

The Defendant directs this Court's attention to *Buero v. Trierweiler*, 616 F.Supp. 1414

(E.D. Mich 1985).  *Buero, supra* is directly on point.  The jury awarded two of the three

plaintiffs damages based purely on state law claims for intentional infliction of emotional

distress.  Judge Harvey found that a jury verdict based purely on pendent state law claims was an

insufficient basis to award attorney's fees under section 1988.  *Id.,* at 1417.  The Court based its

holding on the Supreme Court's holdings in *Smith v. Robinson*, 468 U.S. 992 (1984), and

*Hensley v. Eckerhart*, 461 U.S. 424 (1983).

Similarly, the Circuit Court of Appeals for the District of Columbia held "[W]e agree

with the view of our sister circuits which have uniformly held that a plaintiff who loses on the

merits of its civil rights claim is not a 'prevailing party' for purposes of an award of attorney's

2

fees under 42 U.S.C. § 1988, even if it prevails on a related pendant state law claim." *National Organization for Women v. Operation Reserve*, 37 F.3d 466 (D.C. Cir. 1994).

*Buero* and *National Organization for Women*, along with the plain statutory language of section 1988 make it clear that under the circumstances of this case, the Plaintiff's counsel is not entitled to any attorney's fees under section 1988.

Plaintiff's counsel cites absolutely no case law to support their contention that recovery solely on a state law claim entitles them to attorney's fees under section 1988. Moreover, such an interpretation would fly in the face of the purpose of section 1988 which is to vindicate the violation of Federal Civil Rights. Accordingly, this Court should not permit the Plaintiff's counsel to recover any attorney's fees.

## II. The Prison Litigation Reform Act ("PLRA") limits the Plaintiff's counsel's fees to, at most, $31, 374.

42 U.S.C. § 1977e(d)(3) provides:

No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate, greater than 150 percent of the hourly rate, established under section 3006A of Title 18 for payment of court appointed counsel.

Consequently, Plaintiff's counsel's hourly rate is capped at $135.00 ($90 [the current hourly rate for appointed counsel in the Eastern District} x 1.5). Plaintiff's counsel reported a total of 232.40 hours (143.15 hours by Mr. Trainor and 89.25 hours by Mr. Cabot). Therefore, assuming arguendo that Plaintiff's counsel is entitled to fees under section 1988, he is entitled to, at most, $31,374 (232.40 x $135).

## III. Pursuant to 42 U.S.C. § 1997e(d)(2), the Plaintiff should be required to pay for a portion of his counsel's fees.

The PLRA contains a provision which permits this Court to require the Plaintiff to pay up to 25% of the judgment toward his attorney's fees. 42 U.S.C. § 1977e(d)(2).

42 U.S.C. § 1977e(d)(2) provides:

3

Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

In the instant case, the jury awarded $62,000 in damages. The Plaintiff's counsel are entitled to, at most, $34,374.00 in fees under the Prison Litigation Reform Act. This Court should require the Plaintiff to pay $15,500 (62,000 x .25) of his counsel's fees. Therefore, pursuant to the PLRA, the Defendant would only owe the Plaintiff's counsel $15,874 ($31,374 - $15,500) in fees.

## IV. The Plaintiff's counsel's hourly rates are unreasonable.

If this Court awards the Plaintiff's counsel fees under section 1988, and if this Court rejects the fee cap of the PLRA, it still should reject their hourly rates as unreasonable.

A recent survey in the *Michigan Bar Journal*, the Economics of Law Practice (Exhibit 1), indicates that the median hourly rate for attorneys in Southern Oakland County is $180.00 per hour. (Exhibit 1, p. 26). Mr. Trainor requests this Court to grant him an hourly rate of $400.00 per hour.[2] Mr. Cabot requests a fee of $200.00 per hour. The median hourly rate for practitioners with under 4 years of experience is $150.00 per hour. (Exhibit 1, p. 25). By way of contrast, Defendant's counsel spoke with his father, John A. Thurber, a senior principal in the Troy office of Miller, Canfield, Paddock and Stone regarding his hourly rate. Mr. Thurber, Senior, who has been a member of the State Bar since 1968 and a principal at Miller, Canfield since 1972, currently bills at a rate of $290.00 per hour. In light of these facts, Mr. Trainor's request for $400.00 per hour is, quite frankly, absurd.

He is asking for $110.00 more per hour than a senior principal at one of the largest law firms in Michigan and one who has practiced in Michigan since 1968. Mr. Cabot who has a

---

[2] Mr. Trainor has been a member of the State Bar since 1988.

4

P number of 64021, which indicates that he is a relatively new member of the State Bar, certainly

should be not be able to bill at $20.00 more per hour than the median of all attorneys in Southern

Oakland County.

Therefore, if this Court does award fees under section 1988 and rejects the fee cap of the

PLRA, Mr. Trainor should be entitled to no more than $180.00 per hour.  Mr. Cabot should not

be entitled to more than $150.00 per hour.

## V.     This Court must disallow virtually all of the Plaintiff's costs pursuant to E.D. Mich L.R. 54.1.

E.D. Mich. L.R. 54.1 provides that costs are taxed pursuant to the *United States District*

*Court for Eastern District – Office of the Clerk, Bill of Costs Handbook.*  (Copy attached).  Most

of the costs that Plaintiff seeks are not permitted by the *Bill of Costs Handbook.*

Plaintiff's counsel submits Exhibits C to his motion for attorney's fees, costs and interest.

Exhibit C gives a vague idea of his costs that counsel calls itemization.  Defendant's counsel will

oppose each item below.

Pursuant to the *Bill of Costs Handbook,* page 1, section I – Taxation of Costs by the

Clerk, paragraph 4 states:

> Before any bill of costs is taxed, it must be submitted on the proper form.  A party
> claiming any item of costs of disbursement shall attach thereto an affidavit, made
> by himself or by his duly authorized attorney or agent having knowledge of the
> facts, that such item is correct and has been necessarily incurred in the case and
> that services for which fees have been charged were actually and necessarily
> performed.

Counsel for Plaintiff has not submitted the required affidavit.

Paragraph 5 goes on to state:

> **It is counsel's responsibility** to serve opposing counsel, provide the court with a
> certificate of service and attach a separate itemization and the documentation to
> support the claims made.  Documentation may include receipts, orders and
> stipulation of the parties.  Please be advised that counsel must ensure that any
> receipts are self-explanatory (i.e., receipts for service shall include the names of

5

the individuals, why they were served, where they were served, and the cost for service). Claims for docket fees under 28 § 1923 shall be broken down by fee. **The taxation clerk will disallow any expenses that do not have this supporting information.**

Plaintiff's counsel has provided four pieces of paper attached as Exhibit C that gives a vague idea of his alleged costs that counsel calls itemization, but the required documentation (receipts, orders, etc) has not been provided leaving counsel for Defendant wondering what each item is and how to respond.

The Defendant is not saying that Plaintiff's counsel is not entitled to any costs, rather he is saying that he cannot determine what costs the Plaintiff's counsel is entitled to based upon the records Plaintiff has submitted.

Page 2 of the *Bill of Costs Handbook*, section II – Discussion of Taxable Costs states:

The taxation clerk will review and tax costs in the following categories. Counsel is responsible for providing the required receipts, orders, stipulations or other documentation to support their bill of cost. The taxation clerk will deny costs without supporting documentation."

Plaintiff's counsel did not provide any documentation, receipts, or orders. The *Bill of Costs Handbook* clearly spells out that counsel is responsible for providing these items.

<u>Certified Mail and Federal Express Costs</u>

Plaintiff's counsel wants to be able to recover "Certified Mail" costs in the amount of $31.63 and "Federal Express" costs in the amount of $81.15. Page 5 of the *Bill of Costs Handbook*, section G(2)(h) specifically states that Fees for postage (other than summons/subpoenas), delivery and notary fees are not taxable.

Therefore, costs for certified mail and federal express should be denied.

6

Process Service Fees

Counsel wants to recover "Process Service" fees in the amount of $425.36. Counsel has provided no documentation or receipt for these costs. There is no indication as to who was served, what was served and on what date the claimed item was served.

Page 4 of the *Bill of Costs Handbook,* section D states:

## D. Fees for Service of Summons and Subpoena
### 1. Taxable
   a. Service fees for summons and other initial process.
   b. Service fees for trial subpoenas for witnesses who **have** testified at trial.
   c. Service fees for deposition subpoenas of which the deposition transcript has been taxed as costs.
   d. Cost postage if service is executed by mail.
   e. United States Marshal fees pursuant to 28 U.S.C. § 1921.
***Service fees must be documented on the returned summons or subpoena and provided as an attachment to the bill of costs.***

### 2. Not Taxable
   a. Service fees for discovery subpoenas.
   b. Service fees for trial subpoenas for witnesses who **did not** testify.

Plaintiff's counsel wants to be able to recover his service fees but does not include any documentation as to what each item is, who the item was delivered to, or what date the item was mailed or delivered. Counsel does not include a proof of service, a receipt or documentation of any sort, therefore, counsel for defense cannot even begin to respond appropriately.

Page 2 of the *Bill of Costs Handbook,* section II – Discussion of Taxable Costs states:

The taxation clerk will review and tax costs in the following categories. **Counsel is responsible** for providing the required receipts, orders, stipulations or other documentation to support their bill of cost. The taxation clerk **will deny** costs without supporting documentation."

Therefore, costs for process service should be denied.

Witness Fees

Counsel also wants to recover "Witness Fees" in the amount of $685.00. Counsel

provides no documentation or receipt for these fees. Even though the fees are vaguely itemized

to show how much each one was, there is no indication as to whom each listed witness fee was

for, whether it was for a deposition, for trial, or both, if the witness attended, the date, and how

much of each fee was for attendance and how much was for mileage, and how many miles were

included in the mileage fee.

Pages 3 and 4 of the *Bill of Costs Handbook*, section C – Fees for Witnesses states:

**C. Fees for Witnesses**
   If a witness is subpoenaed to the trial, but does not testify, or if a witness is
deposed, but the transcript is not used at trial or in support of a motion, the
taxation clerk *will not* tax the fees and disbursements as to that witness.

**1. Taxable**
   a. Attendance, mileage and subsistence fees, if applicable. These costs are
   taxable *only* for the day(s) a witness testifies.

*   *   *

*\*The attendance fee is currently taxed at $40.00 per day.*

**2. Not Taxable**
   a. The expenses of witnesses who are themselves parties to the case.
   b. Compensation paid to an **expert** witness **in excess** of the statutory fees.

Expert Deposition Fee

Plaintiff's counsel attempts to recover his costs for expert depositions in the amount of

$1050.00. Page 4 of the *Bill of Costs Handbook* – section 2(b) clearly states that compensation

paid to an expert witness in excess of the statutory fee is not taxable.

Therefore, costs for expert deposition fees should only be allowed as to the statutory fees.

Investigative Fees and Travel Expenses

Plaintiff's counsel attempts to recover his alleged investigative fees in the amount of

$2940.00 and his travel expenses in the amount of $215.00.

8

Page 5 of the *Bill of Costs Handbook* – section G(2)(a) states:

> (a) Attorney fees incurred in attending deposition, conferences and trial as well as
> expenses incurred by **investigations** are not taxable.  [Emphasis added.]

Therefore, Plaintiff's costs for investigative fees and travel expenses should be denied.

Transcript and Videographer Fees

Counsel requests to recover his costs for transcript fees in the amount of $ 1133.56 and

videographer fee in the amount of $600.00.  Page 2 of the *Bill of Costs Handbook* – section B –

Fees of the Court Reporter states:

> Counsel is directed to attach to the bill of costs, a copy of the court's order
> directing preparation of transcript or the stipulation of parties agreeing to its
> preparation, if applicable.  If transcript was used in support of a motion, counsel is
> required to provide the taxation clerk with the title of the motion and the
> approximate date it was filed.  If transcript was used at trial, the date the transcript
> was read into the records is to be noted on the supporting documentation.

Counsel provided no documentation regarding any of the transcripts or videographer fees.

Therefore, Defendant cannot respond appropriately.

Postage

Plaintiff's counsel seeks $516.75 in postage.  (Plaintiff's Exhibit C).  The *Bill of Costs*

*Handbook* – section G(2)(h) – specifically states that fees for postage are not allowed.

Therefore, Plaintiff's costs for postage should be denied.

Parking

Plaintiff's counsel seeks $375.00 for parking.  (Plaintiff's Exhibit C).  The *Bill of Costs*

*Handbook* makes no provision to collect parking fees.  In fact, section G(2)(a) specifically

excludes fees incurred for attending depositions, conferences and trial.

Consequently, Plaintiff's costs for parking should be denied.

The Defendant would also note that $375 in parking seems greatly inflated.  Defendant's

counsel paid no more than $10.00 per day at trial in parking fees in Ann Arbor.

### Phone Calls

Plaintiff's counsel seeks $560 in phone charges. (Plaintiff's Exhibit C).  The *Bill of Costs Handbook* makes no provision to collect phone charges.

Consequently, Plaintiff's costs for phone calls should be denied.

Again, the Defendant would note that $560 for phone charges seems greatly inflated and unreasonable.

### Legal Research Fees and Outside Attorney Writing

Plaintiff's counsel requests that the Defendant reimburse him for $4000 in legal research costs using Westlaw and using an outside attorney.  (Plaintiff's Exhibit C).  The *Bill of Costs Handbook* – sections G(2)(a) and (c) – specifically disallows costs for expenses incurred by investigations and for computerized legal research charges.

Consequently, Plaintiff's costs for Westlaw Research and outside attorney writing should be denied.

### Mileage

Plaintiff's counsel seeks $625 in mileage fees.  (Plaintiff's Exhibit C).  The *Bill of Costs Handbook* – sections G(2)(a) – specifically disallows costs for expenses incurred by in attending depositions, conferences and trial.

Plaintiff's counsel may have traveled to and from depositions, conferences and trial while litigating this case, but he not entitled to collect mileage fees in doing so.  Consequently, Plaintiff's costs for mileage should be denied.

File Copies

Plaintiff's counsel seeks $360 in copying charges – $180 for copies of pleadings only;

$100 for copies of correspondence; and $80 for expert copying charges. (Plaintiff's Exhibit C).

The *Bill of Costs Handbook* – section F – Fees for Exemplification and Copies of Papers

Obtained for Use in the Case specifically states:

> The cost of securing translations for exemplification of matters before the court, copies of papers necessarily obtained for use in a case, and the cost of obtaining charges, models, photographs, etc., are **not** recoverable within the discretion of the taxation clerk **unless** counsel has previously secured an order authorizing the recovery of these costs. Routine copy expenses; those made for service, filing or for the convenience of counsel are not taxable within the discretion of the taxation clerk.

> Consequently, Plaintiff's costs for file copies should be denied.

If Plaintiff is allowed costs for copies, he should not be allowed to charge for 3 copies to

the Court as stated in his Exhibit C, Itemized Listing of Costs. E.D. Mich L.R. 5.1(b) states "All

papers filed with the clerk must include an original and one copy." Therefore, if Plaintiff is

allowed costs for copies, he should only be allowed to recover for the amount of 2 copies to the

Court.

To sum up, the Plaintiff's counsel may be entitled to some, but certainly not all, of the

$7,552.97 in costs listed in Exhibit C. Since they have provided no documentation, the

Defendants cannot adequately respond. The Plaintiff's counsel is not entitled to any costs for

postage, parking, phone calls, Westlaw research, mileage or file copies (totaling $6,436.75) as

set forth in Exhibit C.

11

## VI.    The Plaintiff is not entitled to any pre or post judgment interest.

The Plaintiff's counsel completely misstated how this Court should calculate interest in this case. His first error is to calculate interest based upon state law. This Court must apply federal procedural law in calculating post judgment interest. Federal law governs the rate of post-judgment interest. *Bailey v. Chattem*, 838 F.2d 149 (6th Cir. 1988). The Plaintiff's counsel chose to bring this case in federal court, they must now live with the consequences of their choice.

28 U.S.C. § 1961 provides in pertinent part:

> Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the date of the judgment.

To date, this Court has not entered a judgment because the Plaintiff's counsel has not submitted one. Since there is no judgment, the Plaintiff is not entitled to any post judgment interest. Any potential interest would be calculated from the date judgment is entered and not the date of the filing of the complaint.

As noted above, it is the Defendant's position that the Plaintiff's counsel is not entitled to any attorney's fees. Consequently, this Court should not add any fees to the judgment when calculating interest.

Moreover, there is nothing in 28 U.S.C. § 1961 which allows for costs to be added to a judgment to calculate interest.

Plaintiff's counsel may cite *Bricklayer's Pension Trust Fund v. Taiarol*, 671 F.2d 988 (6th Cir. 1982) to support his position that he is entitled to prejudgment interest. In *Bricklayer's Pension, supra*, the Sixth Circuit held that the decision to award prejudgment interest is within the District Court's discretion. The Defendant maintains that this Court should decline to award

12

prejudgment interest because the Plaintiff received a relatively small award. The Defendant's conduct does not merit awarding prejudgment interest.

If the Court does award prejudgment interest, it must do so based on the rates as set forth in 28 U.S.C. § 1961, not state law.

## RELIEF

WHEREFORE, the Defendant requests this Court to do the following:

1)   Deny the Plaintiff's counsel's attorney's fees pursuant to 42 U.S.C. § 1988;

2)   Deny the vast majority of the Plaintiff's counsel's costs; and

3)   Deny the Plaintiff's counsel any pre or post judgment interest.

Respectfully submitted,

MICHAEL A. COX
Attorney General

John L. Thurber (P44989)
Assistant Attorney General
Corrections Division

Dated:  October 26, 2004
Thurber\Ratliff - 2003001639A - USDC\brief in opposition to pls costsfees

**PROOF OF SERVICE:** The undersigned certifies that a copy of the foregoing document(s) was served upon the attorneys of record or parties appearing in pro per in the above cause by mailing the same to them at their respective address with postage fully prepaid thereon, on October 26, 2004.

Stephanie Grace
Legal Secretary

13





# 2003

## STATE BAR OF MICHIGAN

# Economics of Law Practice

# LAW FIRM BILLING RATES AND BILLING PRACTICES

## Attorney Hourly Billing Rates

The reported 2003 median hourly billing rate of $170 represents a 13% increase from $150 in 2000. (Refer to Exhibit 5 for the trend line since 1984). While several interacting factors affect the setting and application of hourly billing rates, **Exhibit 22** includes five discrete factors:

- Office location
- Size of firm
- Years in practice
- Primary source of income/specialty
- Practice classification or legal occupation

**Exhibit 23** arrays hourly rates by office location, expanding the regional categories found on Exhibit 22 to 24 locations. Attorneys located in Southeastern Michigan generally continue to report the highest rates.

## Hourly Billing Rates for Associates and Legal Assistants

Median 2003 hourly billing rates for associates and legal assistants are summarized by level of experience in **Exhibit 24** and by firm size in **Exhibit 25**.

For firms using legal assistants, the following trend in client billing patterns was reported:

| Billing Pattern for Legal Assistants | % of Responses | | | | | | |
|---|---|---|---|---|---|---|---|
| | 1984 | 1988 | 1991 | 1994 | 1997 | 2000 | 2003 |
| Included in attorney's rate | 25% | 24% | 21% | 21% | 16% | 25% | 26% |
| Time basis | 67 | 62 | 70 | 73 | 74 | 65 | 59 |
| Self-developed fee schedule | 7 | 10 | 6 | 3 | 3 | 4 | 7 |
| Other system | 2 | 5 | 3 | 3 | 7 | 6 | 8 |

## Billing Practices and Uncollectables

The time since respondents last changed their hourly rate compares over 19 years as follows:

| Months Since Hourly Rate Was Changed | % of Responses | | | | | | |
|---|---|---|---|---|---|---|---|
| | 1984 | 1988 | 1991 | 1994 | 1997 | 2000 | 2003 |
| 0–6 | 20% | 28% | 25% | 26% | 26% | 26% | 24% |
| 7–11 | 26 | 21 | 18 | 12 | 12 | 18 | 16 |
| 12–24 | 36 | 33 | 40 | 31 | 33 | 29 | 32 |
| 25+ | 18 | 18 | 17 | 31 | 29 | 27 | 28 |

Sixty percent of the respondents had not changed their rates in one year or more. The percent increase in the level of hourly rates since the last change was:

| Amount of Increase | % of Responses | | | | | |
|---|---|---|---|---|---|---|
| | 1988 | 1991 | 1994 | 1997 | 2000 | 2003 |
| 5% or less | 19% | 19% | 27% | 26% | 25% | 26% |
| 6–10% | 40 | 43 | 42 | 40 | 41 | 33 |
| 11–19% | 22 | 20 | 15 | 18 | 18 | 23 |
| 20% or more | 19 | 18 | 17 | 16 | 16 | 18 |

About 73% of respondents never add a delinquent service charge. Only 7% of respondents usually add a service charge to delinquent accounts, 5% of respondents always add a service charge,

and about 16% sometimes add the charge. For those who add a charge, 18% charge less than 1%, 45% charge 1-2%, and 35% charge over 2%.

Uncollectables remains a serious problem in many firms as follows:

| Percent of Fees Billed That Are Uncollectable | | | | | % of Responses | |
|---|---|---|---|---|---|---|
| | 1988 | 1991 | 1994 | 1997 | 2000 | 2003 |
| 2% or less | 33% | 31% | 29% | 29% | 30% | 35% |
| 3–8% | 32 | 34 | 29 | 28 | 28 | 25 |
| 9–12% | 21 | 19 | 23 | 21 | 21 | 21 |
| 13% or more | 14 | 16 | 19 | 22 | 21 | 19 |

## The Average Workweek and Record Keeping Practices

Attorneys report a varied workweek as to billable hours and other activities comprising their professional time. **Exhibit 26** distributes the range of time spent on 12 categories or activities. **Exhibit 27** considers these distributions as reported by full time private practitioners only. These distributions are broken down by geographic area in Appendices D through I.

For those maintaining time records, 62% track time at six minute intervals, 23% at 15 minute intervals, 8% at ten minute intervals, and 2% at 30 minute intervals. About 5% report no tracking unit.

| Exhibit 22 | Distributions of 2003 Hourly Billing Rates By Selected Variables, Michigan Attorneys | | | | | |
|---|---|---|---|---|---|---|
| | | | *Value by Range and Percentile* | | | |
| | N | 25th. | Median | Mean (Avg.) | 75th. | 95th |
| **Size of Firm  (# of Attorneys)** | | | | | | |
| 1 | 223 | $130 | $150 | $160 | $180 | $250 |
| 2 | 51 | 126 | 150 | 158 | 175 | 244 |
| 3 to 6 | 106 | 150 | 170 | 173 | 200 | 250 |
| 7 to 10 | 33 | 150 | 200 | 200 | 225 | 350 |
| 11 to 20 | 37 | 150 | 185 | 195 | 228 | 318 |
| 21 to 50 | 46 | 150 | 195 | 195 | 238 | 283 |
| 51 to 100 | 18 | 179 | 263 | 267 | 345 | 425 |
| >100 | 29 | 173 | 250 | 241 | 315 | 358 |
| **Years In Practice** | | | | | | |
| 4 or less | 63 | $125 | $150 | $149 | $150 | $300 |
| 5 to 9 | 78 | 135 | 150 | 168 | 175 | 250 |
| 10 to 14 | 69 | 125 | 150 | 170 | 200 | 278 |
| 15-19 | 77 | 150 | 175 | 190 | 220 | 335 |
| 20-29 | 154 | 150 | 180 | 188 | 225 | 290 |
| 30-39 | 76 | 150 | 175 | 180 | 210 | 280 |
| 40+ | 37 | 150 | 175 | 188 | 225 | 305 |
| **Primary Field of Law** | | | | | | |
| Bankruptcy (Defense) | 15 | 150 | 150 | 177 | 225 | 300 |
| Bankruptcy (Creditor) | 14 | 150 | 193 | 208 | 250 | 335 |
| Collections | 8 | 126 | 150 | 155 | 175 | 210 |
| Corporate / Business Law | 51 | 150 | 175 | 187 | 220 | 330 |
| Criminal (Public Defender) | 14 | 116 | 150 | 133 | 150 | 160 |
| Criminal (Private  Defendant) | 27 | 150 | 150 | 164 | 185 | 250 |
| Domestic Relations (Family Law) | 64 | 126 | 150 | 161 | 175 | 250 |
| Employment Law (Management) | 6 | 125 | 160 | 174 | 211 | 230 |
| Environmental / Natural Resources Law | 6 | 100 | 267 | 221 | 306 | 340 |
| General Practice | 33 | 128 | 150 | 156 | 185 | 215 |
| Health and Hospital Law | 4 | 250 | 275 | 275 | 300 | 310 |
| Immigration Law | 8 | 164 | 178 | 176 | 200 | 245 |
| Intellectual Property | 17 | 218 | 260 | 260 | 328 | 380 |
| Labor Law (Management) | 6 | 155 | 200 | 210 | 265 | 300 |
| Municipal / Public Entity Law | 10 | 143 | 175 | 182 | 231 | 275 |
| Personal Injury (Plaintiff) | 26 | 150 | 163 | 170 | 200 | 250 |
| Personal Injury (Defense) | 18 | 109 | 143 | 152 | 159 | 275 |
| Real Property Law | 47 | 160 | 175 | 184 | 200 | 306 |
| Taxation | 16 | 175 | 178 | 231 | 250 | 480 |
| Litigation (Not PI), Defense | 14 | 170 | 215 | 213 | 250 | 325 |
| Litigation (Not PI), Plaintiff | 14 | 150 | 163 | 176 | 221 | 250 |
| Estate Planning | 46 | 150 | 165 | 170 | 186 | 233 |
| Probate (Decedent Estates) | 24 | 168 | 167 | 167 | 200 | 288 |
| Probate ( Protected Persons) | 5 | 163 | 175 | 185 | 213 | 225 |
| Workers' Compensation (Plaintiff) | 5 | 153 | 200 | 181 | 200 | 200 |
| Other Fields of Law | 17 | 125 | 150 | 155 | 183 | 250 |
| **Legal Classification** | | | | | | |
| Sole practitioner | 187 | $140 | $150 | $162 | $180 | $250 |
| Sole practitioner with 1 or more associates | 24 | 150 | 178 | 183 | 219 | 275 |
| Sole practitioner sharing space | 43 | 150 | 150 | 165 | 185 | 250 |
| Non-equity partner | 13 | 168 | 200 | 202 | 238 | 295 |
| Equity partner | 143 | 170 | 200 | 210 | 250 | 333 |
| Senior associate | 24 | 150 | 190 | 205 | 225 | 406 |
| Associate | 79 | 125 | 150 | 148 | 165 | 225 |
| House Counsel | 6 | 150 | 163 | 186 | 210 | 315 |
| Contract Attorney | 5 | 68 | 125 | 115 | 158 | 185 |
| **All Attorneys** | **557** | **$150** | **$170** | **$177** | **$200** | **$295** |

**Exhibit 23** — Distributions of 2003 Hourly Billing Rates By Office Location, Michigan Attorneys

| Office Location | N | 25th. | Median | Mean (Avg.) | 75th. | 95th. |
|---|---|---|---|---|---|---|
| Downtown Detroit | 32 | $175 | $210 | $238 | $306 | $440 |
| Remainder S.E. Michigan | 174 | $150 | $175 | $186 | $225 | $300 |
| South Oakland County | 116 | 150 | 180 | 193 | 225 | 300 |
| Lansing | 31 | 150 | 150 | 177 | 210 | 310 |
| Outstate Metro Areas | 91 | 130 | 150 | 160 | 180 | 250 |
| Outstate Other | 107 | 125 | 150 | 145 | 170 | 200 |
| Downtown Detroit | 32 | $175 | $210 | $238 | $306 | $440 |
| Detroit, but not downtown | 3 | 150 | 175 | 200 | 275 | 275 |
| Out county, but in Wayne | 39 | 150 | 160 | 165 | 180 | 250 |
| Oakland County ( N. of Big Beaver) | 78 | 150 | 193 | 198 | 241 | 341 |
| Oakland County (S. of Big Beaver) | 116 | 150 | 180 | 193 | 225 | 300 |
| Macomb County (N.of Metro Pky) | 15 | 150 | 150 | 158 | 150 | 300 |
| Macomb County (S.of Metro Pky) | 16 | 150 | 175 | 178 | 200 | 275 |
| Ann Arbor | 23 | 160 | 210 | 200 | 225 | 290 |
| Washtenaw County (Other) | 5 | 115 | 150 | 151 | 188 | 200 |
| Livingston County | 4 | 156 | 175 | 175 | 194 | 200 |
| Flint | 8 | 150 | 150 | 170 | 196 | 275 |
| Genesee County (Other) | 7 | 150 | 150 | 157 | 180 | 200 |
| Grand Rapids | 23 | 130 | 175 | 177 | 220 | 274 |
| Other Kent County | 4 | 150 | 163 | 169 | 194 | 200 |
| Ottawa County | 6 | 108 | 138 | 141 | 175 | 190 |
| Jackson | 7 | 150 | 150 | 156 | 180 | 180 |
| Kalamazoo | 10 | 125 | 143 | 158 | 181 | 250 |
| Lansing | 31 | 150 | 150 | 177 | 210 | 310 |
| Ingham County (Other) | 12 | 128 | 150 | 165 | 184 | 250 |
| Muskegon | 4 | 108 | 152 | 151 | 194 | 200 |
| Saginaw | 9 | 113 | 125 | 128 | 150 | 165 |
| Traverse City | 7 | 145 | 150 | 154 | 175 | 185 |
| Out State, Lower Peninsula | 73 | 125 | 150 | 144 | 160 | 200 |
| Other UP | 9 | 118 | 125 | 137 | 163 | 175 |
| **All Attorneys** | **557** | **$150** | **$170** | **$177** | **$200** | **$295** |

**Exhibit 24** — 2003 Median Hourly Billing Rates, Associates and Legal Assistants by Office Location

| | Firms | All Areas | Downtown Detroit | Remainder S.E. Michigan | Other Metro Areas | Lansing | S. Oakland County | Outstate |
|---|---|---|---|---|---|---|---|---|
| **Associates** | | | | | | | | |
| New hires without experience | 63 | $125 | $135 | $135 | $125 | $135 | $125 | $125 |
| With at least 3 years experience | 71 | 150 | 145 | 150 | 120 | 150 | 150 | 125 |
| With at least 5 years experience | 71 | 150 | 170 | 150 | 125 | 173 | 175 | 140 |
| With at least 10 years experience | 74 | 175 | 175 | 190 | 150 | 170 | 185 | 150 |
| **Legal Assistants (Paralegals)** | | | | | | | | |
| New hires without experience | 41 | $60 | – | $80 | $60 | $83 | $70 | $50 |
| With at least 3 years experience | 33 | 70 | – | 70 | 68 | 95 | 75 | 60 |
| With at least 5 years experience | 36 | 78 | 78 | 90 | 68 | – | 94 | 65 |
| With at least 10 years experience | 47 | 85 | 80 | 75 | 73 | – | 93 | 75 |

| Exhibit 25 | | | 2003 Median Hourly Billing Rates, Associates and Legal Assistants by Firm Size | | | | |
|---|---|---|---|---|---|---|---|
| | Firms | All Areas | 1 to 2 Attorneys | 3 to 6 Attorneys | 7 to 10 Attorneys | 11 to 20 Attorneys | >20 Attorneys |
| **Associates** | | | | | | | |
| New hires without experience | 63 | $125 | $120 | $125 | $130 | $130 | $125 |
| With at least 3 years experience | 70 | 150 | 120 | 150 | 150 | 150 | 150 |
| With at least 5 years experience | 70 | 150 | 138 | 150 | 155 | 160 | 173 |
| With at least 10 years experience | 73 | 175 | 150 | 175 | 185 | 160 | 185 |
| **Legal Assistants (Paralegals)** | | | | | | | |
| New hires without experience | 41 | $60 | 50 | $55 | $93 | $55 | $70 |
| With at least 3 years experience | 33 | 70 | 60 | 55 | 75 | 63 | 85 |
| With at least 5 years experience | 36 | 78 | 65 | 65 | 63 | 75 | 100 |
| With at least 10 years experience | 47 | 85 | 75 | 73 | 75 | 90 | 100 |

| Exhibit 26 | Distributions of Workweek Components In Hours, All Michigan Attorneys, 2003(E) | | | | | |
|---|---|---|---|---|---|---|
| | | *Value by Range and Percentile* | | | | |
| | N | 25th. | Median | Mean (Ave.) | 75th. | 95th |
| **Work Week Component (In Hours)** | | | | | | |
| **Billable Legal Work** | | | | | | |
| Based on Hourly Rate | 647 | 15 | 30 | 27 | 40 | 50 |
| Based on Flat Rate | 395 | 2 | 10 | 13 | 20 | 45 |
| Based on Contingency work | 350 | 0 | 5 | 13 | 17 | 50 |
| Total Hours for Chargeable Legal Work | 1073 | 30 | 40 | 39 | 50 | 60 |
| **Other Hours** | | | | | | |
| Office Administration | 677 | 2 | 5 | 5 | 8 | 15 |
| Marketing Activities | 467 | 1 | 2 | 3 | 5 | 10 |
| Unbilled Community/Public Service | 513 | 1 | 2 | 4 | 5 | 10 |
| Nonlegal employment/personal investments | 292 | 0 | 0 | 9 | 10 | 47 |
| **Total Hours in Workweek** | 1077 | 40 | 46 | 45 | 55 | 67 |
| **Other Hours/Year** | | | | | | |
| Continuing Legal Education | 1001 | 5 | 10 | 19 | 24 | 50 |
| Unbilled (Pro Bono) Legal Work | 839 | 0 | 10 | 27 | 30 | 100 |
| Other Unbilled Legal Work | 748 | 0 | 20 | 55 | 50 | 200 |

| Exhibit 27 | Distributions of Workweek Components in Hours, Full Time Private Practitioners Only, 2003(E) | | | | | |
|---|---|---|---|---|---|---|
| | | Value by Range and Percentile | | | | |
| | N | 25th. | Median | Mean (Ave.) | 75th. | 95th |
| **Work Week Component  (in Hours)** | | | | | | |
| **Billable Legal Work** | | | | | | |
| Based on Hourly Rate | 529 | 20 | 30 | 30 | 40 | 55 |
| Based on Flat Rate | 309 | 2 | 10 | 13 | 20 | 45 |
| Based on Contingency work | 303 | 0 | 5 | 13 | 20 | 50 |
| Total Hours for Chargeable Legal Work | 589 | 35 | 40 | 41 | 50 | 60 |
| **Other Hours** | | | | | | |
| Office Administration | 504 | 2 | 5 | 5 | 7 | 15 |
| Marketing Activities | 391 | 1 | 2 | 3 | 5 | 10 |
| Unbilled Community/Public Service | 389 | 1 | 2 | 3 | 5 | 10 |
| Nonlegal employment/personal investments | 183 | 0 | 0 | 2 | 2 | 10 |
| **Total Hours in Workweek** | 590 | 40 | 50 | 47 | 56 | 70 |
| **Other Hours/Year** | | | | | | |
| Continuing Legal Education | 559 | 6 | 10 | 18 | 20 | 50 |
| Unbilled (Pro Bono) Legal Work | 499 | 2 | 15 | 30 | 40 | 100 |
| Other Unbilled Legal Work | 453 | 10 | 30 | 64 | 73 | 250 |